**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**BETH R. HALL,**

      **Plaintiff,**

 **v.**            **5:04-CV-777
              (GLS)**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

---

**APPEARANCES:**        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

MCMAHON, KUBLICK LAW FIRM   JENNIFER GALE SMITH, ESQ.
500 South Salina Street, Suite 816
Syracuse, New York 13202

**FOR THE DEFENDANT:**

HON. GLENN T. SUDDABY     WILLIAM H. PEASE
United States Attorney       Assistant U.S. Attorney
PO Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

**Gary L. Sharpe
U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

### I. Introduction

Beth R. Hall challenges the denial of disability benefits by the Commissioner of Social Security. Hall brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision.

### II. Procedural History

After Hall filed for SSI and SSDI disability benefits in August 2002, her application was denied, and a hearing was conducted by Administrative Law Judge (ALJ) Diane C. Moskal. Hall alleges disability beginning on March 12, 2002 due to chronic neck and low back pain, headaches, cramping and numbness of the fingers and toes, and leg and elbow pain. *See* (Tr. 15, 54).[1] On December 15, 2003, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

### III. Contentions

Hall contends that the ALJ's decision is not supported by substantial evidence. More specifically, she claims that the ALJ: (1) disregarded the

---

[1] "(Tr. )" refers to the page of the Administrative Transcript in this case.

opinion of her treating source; (2) failed to support her residual functional capacity (RFC) determination with objective evidence; and (3) discounted her complaints of disabling pain.  The Commissioner counters that substantial evidence supports the ALJ's disability decision.

### IV. Facts

The evidence in this case is not in dispute, and the court incorporates the parties' factual recitations.  *See Pl.'s Br. pp. 1-2, Dkt. No. 6; Def.'s Br. pp. 2-4, Dkt. No. 8.*

### V. Discussion

**A.   Standard and Scope of Review**

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision.  *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is subject to judicial review on appeal.  *See* 42 U.S.C. § 405(g).  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied,

3

even if it appears to be supported by substantial evidence.  *See Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's "findings is limited to assessing whether substantial evidence in the record supports those findings."  *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *see also* 42 U.S.C. § 405(g).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]'"  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Id.*  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Id.*  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record

4

contains substantial support for the ALJ's decision.  *See  Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  *See* 42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *see also Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence).  Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and "remand for further evidentiary proceedings would serve no purpose."  *Parker*, 626 F.2d at 235; *see also Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where remand would result in lengthening the "painfully slow process" of determining disability).

**B.     Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits.  To be considered disabled, a plaintiff seeking SSDI

or SSI benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[2]  The Commissioner uses a five-step process to evaluate SSDI and SSI claims.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA).  *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If a claimant is engaged in SGA, she will not be considered disabled.  If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii),

---

[2]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that [s]he is not only unable to do her previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for [her], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

416.920(a)(4)(ii).  If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *See Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At Step Five, the ALJ determines whether the claimant can do any other work.  *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant has the burden of showing that she cannot perform past relevant work.  *See Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and

transferability of skills, to determine if the claimant can perform other work existing in the national economy.  *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see also New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

In this case, the ALJ found that Hall satisfied Step One because she had not worked since her alleged onset date.  *See* (Tr. 16, 21).  In Step Two, the ALJ determined that Hall had "severe" impairments due to "musculoskeletal impairments."  *See* (Tr. 18, 21).  In Step Three, the ALJ determined that her impairments failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* (Tr. 19, 21).  In Step Four, the ALJ determined that Hall retained the RFC to perform light and sedentary exertional work with no repetitive hand use.  *See id.*  At Step Five, the ALJ determined that Hall was capable of doing her past relevant work as a fast food worker and a cleaner.  *See* (Tr. 20, 21).  Consequently, she found Hall not disabled and denied benefits.  *See id.*

## C.     **Treating Physician Rule and RFC Determination**

Hall contends that the opinion of her treating physician, Dr. Mohamed Ahmed, should have been given controlling weight.  She argues that the

8

ALJ instead substituted her own opinion for that of Dr. Ahmed's. Finally, she maintains that the complete medical record is inconsistent with the ALJ's findings.

Generally, the opinion of a treating physician is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence[.]" *Foxman v. Barnhart*, 157 Fed. Appx. 344, 346 (2d Cir. 2005) (citing 20 C.F.R. § 404.1527(d)(2)); *see also* 20 C.F.R. § 416.927(d)(2). An "ALJ cannot arbitrarily substitute his own judgment for [a] competent medical opinion." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (internal quotation marks and citation omitted). If the treating physician's opinion is not given "controlling weight," the ALJ must consider the entire record and give special assessment to several factors to determine how much weight to afford the opinion. *See* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). The factors are: "the [l]ength of the treatment relationship and the frequency of examination" by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support

9

or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, "the ultimate finding of whether a claimant is disabled and cannot work...[is] reserved to the Commissioner." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks and citation omitted). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability." *Id.* Thus, "[a] treating physician's statement that the claimant is disabled cannot itself be determinative." *Id.* Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, Hall contends that the ALJ erroneously disregarded the opinion of her treating physician, Dr. Mohamed Ahmed. More specifically, she claims that Dr. Ahmed's disability opinion is supported by his diagnoses of herniated discs at C5-6 and T1-2, lumbar spondylosis,[3] and spur formation

---

[3]Spondylosis is a "general term for degenerative changes due to osteoarthritis." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1564 (28th ed. 1994).

10

at L5-S1.  *See* (Tr. 119, 121).  Finally, Hall argues that the ALJ erred when she found that Hall maintained the RFC to perform sedentary and light work.  Instead, she maintains that the ALJ should have found her incapable of performing even sedentary work.

These contentions are without merit.  As mentioned, the final determination of disability is reserved for the Commissioner.  *Snell*, 177 F.3d at 133.  The opinion of Hall's treating physician was not binding on the ALJ.  Moreover, the medical evidence shows that Hall's musculoskeletal condition did not render her unable to work.  *See* (Tr. 17).

Dr. Ahmed's treatment notes indicate that Hall had ongoing musculoskeletal complaints since at least 1997.  *See* (Tr. 103).  In a letter dated June 19, 2003, Dr. Ahmed stated that Hall was "unable to walk for more than 5 min[utes], sit for more than a half an hour at one time, and stand for more than 15 min[utes]."  (Tr. 132).  That same day, Dr. Ahmed also completed a medical source statement in which he reported that Hall was unable to engage in even sedentary work due to her carpal tunnel syndrome and her neck and back pain.  *See* (Tr. 133, 134).  The ALJ explained that she disregarded Dr. Ahmed's opinion of total disability because, while it is clear that Hall suffered from musculoskeletal problems

11

since 1997, nothing in the record demonstrates a worsening of her symptoms since that time rendering her unable to work. *See* (Tr. 17).

Moreover, Dr. Ahmed's June 2003 conclusion that Hall was incapacitated from work is inconsistent with the medical findings of Dr. Brett Greenky, another treating physician. Dr. Greenky's records indicate that Hall's condition was not so severe as to render her completely disabled. *See* (Tr. 16-17). In April 2002, Dr. Greenky noted that he performed carpal tunnel surgery on Hall with good results. *See* (Tr. 89). He also noted that based on radiological studies, Hall did not have any operable cervical spine defects. *See* (Tr. 87). In January 2003, Dr. Greenky reported that Hall had "no fixed neurological deficits...on strength, reflexes in either upper or lower extremities." (Tr. 127). In April, Dr. Greenky explained that that "the real issue of [Hall's] chronic back pain remains a mystery to [him]." (Tr. 126). A physical exam of Hall showed negative straight leg raising signs and normal hip, knee, and ankle motion. *See id.* He also noted that Hall's spine tenderness was "not dramatic." *Id*.

Finally, the ALJ's disability determination is supported by the results of a September 2002 orthopedic consultative exam performed by Dr. Kalyani Ganesh. *See* (Tr. 104-107). Dr. Ganesh noted that Hall's gait was

normal, that she could walk on her toes and heels without difficulty, and that she appeared to be in no acute distress. *See* (Tr. 105). Dr. Ganesh also noted that Hall was able to drive, dine out, clean, do laundry, shop, manage money, and socialize. *See id.*

Given the objective medical evidence, the ALJ's rejection of Dr. Ahmed's opinion and her RFC determination were proper. Accordingly, the ALJ's decision is supported by substantial evidence.

### D. Subjective Complaints of Pain

Hall claims that the ALJ improperly discounted her allegations of disabling pain and exaggerated the extent of her daily activities. The Commissioner is obligated to evaluate all of a claimant's "symptoms, including pain, and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must perform a two-step analysis. *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 01-CV-899, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted). First, based upon the objective medical evidence, the ALJ must determine whether the

13

impairments "could reasonably be expected to produce the pain[4] or other symptoms alleged[.]..." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10. "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability[.]..." 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider

---

[4] The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Lugo v. Chater*, 94-CV-4633, 1996 U.S. Dist. LEXIS 5174, at *2 (S.D.N.Y. Apr. 18, 1996).

other factors. These factors include "daily activities;...the location, duration, frequency and intensity of [claimant's] pain or other symptoms;...[t]he type, dosage, effectiveness and side effects of...medication;" and other treatments or measures to relieve those symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Therefore, "[a]n [ALJ] may properly reject [subjective complaints of pain] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted).

Hall claims that she suffered from chronic and persistent pain that precluded her from engaging in even sedentary work. In particular, Hall alleges that she suffers from numbness and tingling in her hands and severe back pain. However, as the ALJ noted, the extent of the pain alleged is not supported by the objective medical evidence. *See* (Tr. 19).

15

At the time of the ALJ's decision, Hall was 39 years old.  *See id.*  Hall wears a hand brace.  *See id.*  However, she testified that there is no expectation that she will require more carpal tunnel surgery.  *See id.*  The ALJ properly noted that Hall's treatment generally consisted of pain maintenance.  *See id.*  Moreoever, Hall testified that she was still able to: (1) drive, (2) cook, and (3) eat out frequently.  *See id.*

Hall's testimony coupled with the medical evidence supports the ALJ's conclusion that Hall's pain was not disabling and that she was still capable of doing work.  *See id.*  The ALJ adequately explained why she did not fully credit Hall's subjective complaints of pain including the fact that her complaints were not supported by the medical evidence.  Accordingly, the ALJ's decision was supported by substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

16

August 15, 2006
Albany, New York

/s/ Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge